THOMAS P. MATTHEWS, ESQ. (CA SBN: 163089)
110 W. C Street, Suite 1201
San Diego, California 92101
Telephone: (619) 236-3400
Facsimile: (619) 346-4231
Email: tmatthews@tommatthewslaw.com

Attorney for Defendant
CHRISTIAN CLEWS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE DANA M. SABRAW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 17-CR-0145-DMS |
| Plaintiff, | |
| v. | **Supplemental Motion** |
| CHRISTIAN CLEWS, | |
| Defendant. | Date:<br>Time: |

To: Randy S. Grossman, Acting United States Attorney for the Southern District of California; Amanda L. Griffith, Assistant United States Attorney; Adam Zimmerman, United States Probation Officer:

CHRISTIAN CLEWS (hereinafter referred to as "Mr. Clews") respectfully moves this court to grant his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.§ 2255. Mr. Clews is currently housed at Seagoville FCI, located in Seagoville,

1

Texas. The Bureau of Prisons Inmate Locator shows his projected release date is December 31, 2029.[1]

# I.
# Background

On July 18, 2017, Christian Clews (hereinafter "Clews") pled guilty to a two-count information charging him in count one with 18 U.S.C. section 2252 (a)(2), distribution of images of minors engaged in sexually explicit conduct, and in count two with 18 U.S.C. section 2252 (a)(4)(B), possession of minors engaged in sexually explicit conduct.

At Mr. Clews's sentencing hearing on February 13, 2018, the Court heard from A.W., one of the individuals depicted in a sexually explicit video produced by Mr. Clews at a time when it was alleged that A.W. was a minor. Ultimately, the district court imposed a sentence of 210 months on counts one and two, concurrently, followed by 25 years of supervised release.

Following the sentencing, the Government obtained additional information revealing that A.W. was not in fact a minor at the time Mr. Clews produced the sexually explicit video in which she was depicted. Then, on December 19, 2018, the parties entered into a post-sentence agreement agreeing that the district court should be able to consider this new information and that it would serve the interests of justice to vacate the sentences on counts one and two and conduct a new sentencing hearing.

---

[1] *See* Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/ (as of December 13, 2021).

On June 6, 2019, Mr. Clews was re-sentenced to 168 months followed by 20 years' supervised release. On December 28, 2020, Mr. Clews filed a motion to vacate under 28 U.S.C. section 2255.

## II.
## Argument

**A. The plus 5 enhancement set forth in USSG § 2G2.2B5 does not apply to Mr. Clews.**

In *United States v. Howard*, the U.S. Court of Appeals for the Seventh Circuit held that a conviction under 18 U.S.C. § 2251(a) for production of child pornography cannot be sustained where the defendant only engaged in sexually explicit conduct near a minor when the images were produced. (*United States v. Howard*, No. 19-1005 (7th Cir. 2020). The Court observed that this "case represents a peculiar application of the statute. *Id.* The videos in question do not depict a child engaged in sexually explicit conduct; they show Howard masturbating next to a fully clothed and sleeping child." *Id.*

By the same logic, the two-year-old child that is fully clothed in the instant case is not "engaged in sexually explicit activity." This Court considered two videos depicting a 37-year-old woman engaging in bestiality in the presence of her fully-clothed two-year-old child. Per *U.S. v. Howard*, these two videos where the child is fully clothed and uninvolved, would not count towards the pattern of activity. In addition, there was no intent that the child depicted be in no way engaged in sexually explicit conduct. *U.S. v. Howard* supports the notion there was not a pattern of activity warranting the five-level enhancement in the instant case. As a result, that only leaves the one video depicting a

minor, the video with Melissa N. One instance of a minor engaged in sexually explicit conduct is not sufficient to support a finding of a pattern of activity involving sexual abuse. Therefore, the plus-five enhancement set forth in 2G2.2B5 is clearly not warranted in Mr. Clew's case.

**B. Presentence Report Objections.**

On April 8, 2019, an amended presentence report (hereinafter referred to as "PSR") was filed. On May 25, 2019, Mr. Clews filed the following objections to the presentence report.

1. PSR section addressing image count and descriptions, pp. 3-7, ¶ 13.
2. PSR section addressing other information, p. 7-9, ¶¶ 17-24, 28.
3. PSR section addressing restitution, p. 10, ¶ 35.
4. PSR section addressing pretrial supervision, p. 11, ¶ 37.
5. PSR section addressing Sentencing Guidelines, p. 16, ¶¶ 85-86.
6. PSR section addressing criminal history, pp. 18-19, ¶¶ 97, 101.
7. PSR section addressing Mr. Clews's characteristics, pp. 19-20, ¶¶ 109-113.
8. PSR section addressing Mr. Clews's mental health, pp. 21-23, ¶¶ 123, 125-135.
9. PSR section addressing substance abuse, p. 23, ¶ 137.
10. PSR section addressing Mr. Clews's income and assets, p. 24, ¶¶ 143, 150-52.
11. PSR section addressing custody, p. 26, ¶ 155.
12. PSR section addressing third party risk, p. 27, ¶ 168.
13. PSR section addressing the probation officer's analysis, pp. 28-31, ¶¶ 177-183, 185, 190-93, 196.
14. PSR section addressing supervised release conditions, p. 32-33, ¶¶ 200.

On May 30, 2019, USPO Adam Zimmerman filed an addendum to the presentence report. Regarding the presentence report objections, the court stated the following:

On the objections, we have to address those. And I would like to summarize. Most of these – perhaps I can do this by paragraph number. The following would be objections that I would decline to rule on as they will not affect sentencing. Paragraph 13 and 87 has to do with the number of images. The government says 47,000-plus, Mr. Clews 15,031. That matter will not affect sentencing. I am assuming, as a base, at least 15,000 images.

I would decline to rule on paragraph 22 relating to Cara H. and the attributions made therein, as those matters will not affect sentencing. Paragraphs 28, 25, and 37 relating to Ashley W, her age, restitution, and the subject of swingers.

I would decline to rule on paragraphs 97, 101, 109, 110, 111, and 113, 123, 125 through 135, 137, 143, 150 through 152 relating to, respectively, the alleged battery incident, the alleged rape incident, the allegations of inaccurate summary of declarations. The attribution of Mary Carrawell being an ex-wife. Mr. Clews never threatening to harm himself. Distorting Dr. Clipson's report. Lack of evidence regarding belligerence while on pretrial release. Not exploit or not—it has to do with a custody calculation, the credit numbers. Those matters I decline to rule on.

I would decline to rule on paragraphs 168, 177, and 178 relating to Mr. Clews allegedly being violent. No evidence. Mr. Clews argues that he possessed child pornography between 2001 and 2015, and attribution of repeating false information.

I would decline to rule on paragraphs 190 and 191 dealing with the restitution. 192 arguing that the PSR ignores the new information. And finally, I would decline to rule on paragraph 196, that the sentencing recommendation is substantively unreasonable. I have both the recommendations and I would make my own determination in a moment.

I would sustain the objection as to paragraphs 179. I am going to overrule the following objections. These aren't necessarily in order. Paragraph 153 relating to the guideline range. For reasons I am going to state in a moment, I am going to adopt the guideline range that the government recommends. But as I stated at the beginning, I think the sentence really comes under 3553.

I would overrule the objection at paragraph 185 relating to sexual interest. Here I would qualify that relating to older adolescent minors, but minors. And I would overrule the objection as to harm to children listed at paragraph 183. I would – or, I am sorry 193. I would decline to rule as it will not affect sentencing as to the period of time that that occurred. Am I going to overrule

the objections to the special conditions that are requested in the supervised release at nos. 7, 9, 10, and 12. I think those are reasonably related to the counts of conviction and the purposes of supervised release.

On the more substantive objections, paragraphs 17 through 21 relating to Mia N. and Ashley W., paragraphs 23 and 24 relating to Lisa S. and Melissa N., I would overrule those objections in part. I would credit those statements by those women to the extent they reference conduct attributed to Mr. Clews when they were older adolescent teenagers, not adults, and the type of conduct that they attribute to Mr. Clews. And I will speak to that in a moment when I address the 3553 factors. The last substantive objection relates to paragraph 85. That is the 2G2, 2B5 objection. I am going to overrule that objection for reasons I will state in a moment. . . . The videos are not disputed in what they depict. And the fact that one of the victims was not 18 and the fact that in another video when that person, Melissa N., became an adult she had her two-year-old daughter with her. And so on the 2G2.2B5 allegation, I am respectfully going to overrule that objection because we have one video involving a minor in sexually explicit and illicit conduct. She was a minor. We have a couple of other videos involving that same person when she was 18 but with her two-year-old daughter. And there is no question in my mind that the manner in which that video portrays and uses that two-year old is the exploitation of that infant for the sexual interest of others. (Resentencing Transcript pages 48-55).

A trial court violates a defendant's due process rights by relying upon materially false or unreliable information at sentencing.  Such reliance on materially false or unreliable information constitutes an abuse of sentencing discretion as well." *United States v. Hanna*, 49 F.3d 5772, 577 (9th Cir. 1995).  A defendant cannot be deprived of liberty based upon mere speculation." *United States v. Berry*, 553 F 3d. 273, 284 (3d Cir. 2009). Mr. Clews objected to most of the presentence report.  At the resentencing, as shown above, the court declined to rule on several of his objections.  Mr. Clews contends the

court declined to rule on certain objections, which would have had an impact on his sentencing.

For instance, the objection to ¶ 22 of the relates to uncharged conduct and shows there is a financial motive for fabrication of allegations against Mr. Clews.

In addition, ruling on objections related to Mr. Clews's characteristics (pages 19-20, ¶¶ 109-113), mental health (pages 21-23, ¶¶ 123, 125-135), and substance abuse (page 23, ¶¶ 137), would have also been pertinent to the imposition of a fair sentence.  The court also declined to rule on the PSR objection to page 18, ¶¶ 97 addressing his criminal history.

> The PSR does not provide the full explanation, which is:  A man was running for exercise on Mr. Clews's property.  The man ran past some horses and spooked them.  At the time, Mr. Clews's son was 9.  He tried to get the man to stop running.  But instead of stopping, the man pushed his son out of the way.  His son fell down.  Mr. Clews confronted the man. They got in an argument.  *The man pushed Mr. Clews first* and then Mr. Clews pushed him back.  He was totally sober, but let his anger get the best of him." (Document 144, Defendant's Sentencing Memorandum and Objection to the Presentence Report at p. 37).

At the initial sentencing, the court declined to rule on the objection to ¶ 97 stating it would not affect sentencing. It declined to rule on the objection at the resentencing hearing as well. However, the court took did take this 2008 incident into consideration for sentencing purposes.

> There was an arrest and a disposition as an infraction involving a 415 in 2008, probably alcohol related.  I don't know.  But it is an infraction, it is a 415, which is often indicative of disturbing the peace or some other conduct that has to be addressed.  It was resolved as an infraction, I understand that.  It was not a misdemeanor or a felony conviction.  It was an infraction.  But

I mention these two incidents because there was information before the court about excessive drinking and conduct of a belligerent nature that follows that type of activity. And that often goes hand-in-glove with the conduct that is attributed to you here." (Document 109, February 13, 2018, Sentencing Transcript, at p. 46).

This incident was not alcohol related. Mr. Clews was sober. This incident apparently arose from Mr. Clews needing to protect his son and himself from a violent man who trespassed onto his property. As shown above, the court did use this incident for purposes of sentencing. This incident served to mischaracterize Mr. Clews's character. For this reason, Mr. Clews argues his objection to ¶ 97 should have been ruled on at both his sentencing and resentencing.

///

///

///

///

///

///

///

///

///

///

///

## III.
## Conclusion

This case is unique and warrants resentencing to allow review of the applicability of the plus-five enhancement. In addition, due process demands the court rule on certain PSR objections raised, which would have a material impact in Mr. Clews's sentencing. For the forgoing reasons, Mr. Clews respectfully requests this Court resentence him to sixty (60) months. It is submitted that the requested sentence would address the need for deterrent and punishment, as well as, the equity of allowing him to return to society and fulltime employment. The personal circumstances and characteristics of Mr. Clews and the circumstances of his offense combine to make the recommended sentence sufficient to accomplish the goals of §3553.

Dated: <u>December 17, 2021</u>                Respectfully Submitted,

<u>/s/Thomas P. Matthews</u>
THOMAS MATTHEWS
Attorney for Defendant
CHRISTIAN CLEWS