UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN CLEWS,<br><br>Defendant. | Case No: 17CR145-DMS; 20CV2542-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION AND SENTENCE** |

This case returns to the Court on Defendant Christian Clews's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C § 2255. For the reasons stated below, Defendant's § 2255 motion is denied.

**I.**

**BACKGROUND**

On July 18, 2017, Defendant pled guilty to a two-count information charging him in count one with 18 U.S.C. § 2252(a)(2), distribution of images of minors engaged in sexually explicit conduct, and in count two with 18 U.S.C. § 2252(a)(4), possession of images of minors engaged in sexually explicit conduct. (ECF Nos. 65, 104). On February 13, 2018, the Court imposed a sentence of 210 months in custody, followed by 25 years of supervised

release. (ECF Nos. 102, 104). Following the sentencing, the government obtained information that one victim previously understood to be a minor, had not in fact been a minor at the time Defendant produced videos of her. The parties agreed that it served the interest of justice to conduct a new sentencing hearing.

Consequently, Defendant filed an unopposed motion to vacate his sentence pursuant to 28 U.S.C § 2255, which the Court granted. (ECF No. 130). The parties entered a post-conviction sentencing agreement and the Court considered an amended presentence report, Defendant's objections, and the parties' sentencing memoranda. (ECF Nos. 140, 143-155). On June 6, 2019, the Court resentenced Defendant to 168 months in custody, followed by 20 years of supervised release (ECF Nos. 156, 158). Defendant appealed his sentence to the Ninth Circuit, but later filed, and was granted, a motion for voluntary dismissal of appeal. (ECF Nos. 162, 188). On December 28, 2020, Defendant filed the present motion to vacate under 28 U.S.C § 2255. (ECF No. 190). The United States filed its response on June 7, 2021. (ECF No. 193). Defendant then substituted his attorney with present counsel and filed a supplemental motion on December 18, 2021. (ECF No. 201). The government filed a supplemental response. (ECF No. 202).

## II.
## DISCUSSION

In his present § 2255 and supplemental motions, Defendant raises several arguments. In the § 2255 motion, Defendant cites as the primary basis for the present petition: "Ineffective assistance of counsel relating to failure to object to some facts presented at resentencing on amended judgment, which occurred after first § 2255 was granted." (ECF No. 190 at 3). Defendant initially specified three grounds for his petition: (1) "ineffective assistance relating to plea deal negotiation"; (2) "the plea was not knowing and voluntary;" and (3) "prosecution misled or lied about victim's facts and statements." (ECF No. 190 at 4, 6, 7). In his supplemental motion, Defendant raises two additional issues: (4) a five level upward adjustment under the sentencing guidelines was erroneously applied, and (5) the

1 Court improperly ruled or declined to rule on various of Defendant's objections to the
2 amended presentence report. (ECF No. 201).
3       The United States responds that Defendant's first two claims are barred as a
4 successive motion, by the doctrine of abuse of writ, and by the post-sentencing agreement
5 the parties entered. (ECF No. 193 at 4-7). Next, the United States responds Defendant's
6 third claim is frivolous and not cognizable in a § 2255 motion. (ECF No. 193 at 7-8).
7 Lastly, the United States responds that Defendant's fourth and fifth claims are barred by
8 Defendant's plea agreement.

9 **A. Claims Regarding Ineffective Assistance of Counsel**

10       Defendant must meet two requirements to prevail on his ineffective assistance of
11 counsel claim. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show his
12 attorney's representation fell below an objective standard of reasonableness. *Id.* at 688.
13 Second, Defendant must show prejudice, *i.e.*, a reasonable probability that but for counsel's
14 errors, the result of the proceedings would have been different. *Id.* at 694. Defendant
15 demonstrates neither.

16       Defendant asserts his trial counsel provided ineffective assistance in the following
17 manner: "Counsel negotiated a deal which provided no benefit to Defendant. Defendant
18 pleaded to all charges and was able to preserve NONE of his rights and received no
19 consideration for such. An effective counsel, upon advising a guilty plea to all charges
20 would have negotiated a sentencing range under Rule 11(c)(1)(c) or, failing that, would
21 have preserved Defendant's rights to appeal errors at sentencing given the strategic
22 importance of such actions once Defendant had pleaded to all counts of the indictment."
23 (ECF No. 190 at 4).

24       Defendant has not shown that his representation was objectively unreasonable. In
25 his § 2255 motion, Defendant initially cited only one inaction by his attorney—an alleged
26 failure to "address" a third party's prior sexual history related to bestiality. (ECF no. 190
27 at 7). Upon substituting his counsel, Defendant set forth two additional arguments: (1) the
28 Court erred in applying a five level upward adjustment under the sentencing guidelines, and

(2) the Court erred in declining to rule on certain presentence report objections. However, Defendant attributes the latter alleged errors to the Court and not his attorney.

Regarding Defendant's assertion that his counsel did not properly address a victim's purported history of bestiality, Defendant does not specify any particular misstatement by the prosecutor to which his counsel failed to object or clarify. Furthermore, the Court already considered Defendant's objections to the amended presentence report. These objections included Defendant's characterization of the relevant witness. (ECF No. 144, 27-28). Upon consideration of Defendant's objections, the Court declined to rule on certain objections in accordance with Federal Rule of Criminal Procedure Rule 32 (i)(3)(B). Rule 32 instructs the Court to rule on any disputed portion of a presentence report or determine that a ruling is unnecessary "either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." The Court determined that Defendant's objection to the relevant paragraph would not affect sentencing.

Defendant's general claims regarding what effective counsel "would have" done cannot serve as the basis for habeas relief. The Court recognizes the temptation "for a defendant to second-guess counsel's assistance after conviction or adverse sentence" as well as the ease with which an examining court may conclude a particular act or omission was unreasonable after counsel's defense has proved unsuccessful. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984). However, Defendant neither describes with any specificity the way in which his attorney's conduct fell below an objective standard of reasonableness nor does he demonstrate a resulting prejudice. Consequently, the Court adheres to a "strong presumption" that counsel's conduct was reasonable. *See id*.

**B. Claim Regarding Knowing and Voluntary Plea**

The Court looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). A comprehensive plea colloquy between the Court and a defendant that addresses all

4

disclosures and inquiries required by Rule 11 of the Federal Rules of Criminal Procedure indicates that a plea was knowing and voluntary, "unless some misrepresentation or gross mischaracterization by counsel has tainted the plea." *United States v. Jeronimo*, 398 F.3d 1149, 1151, 1157 (9th Cir. 2005).

As supporting facts for his claim, Defendant states: "Defendant has a learning disability and is unfamiliar with legal procedure. When signing his plea deal, he did not understand he was foregoing his rights to appeal errors at sentencing, as he did not understand he could prospectively waive rights to challenge errors that had not yet occurred." (ECF No. 190 at 6). Defendant does not entirely make clear the "errors" to which he refers, but this claim also relates to the counsel he received during plea negotiations.[1] Defendant appears to allege that counsel failed to properly ensure he had fully understood the plea and the rights he was waiving. To evaluate this claim, the Court reviews the language and circumstances surrounding Defendant's plea and post-sentencing agreements.

Defendant's plea colloquies with the Court during both his original sentencing and resentencing indicate that he understood the content of the plea agreement and the rights he was waiving. During the change of plea hearing on July 18, 2017, the Court conducted an extensive plea colloquy, in which Defendant made clear he understood that he was giving up his right to appeal or collaterally attack his conviction and sentence. (ECF No. 160 at 5-8). Defendant represented that he thoroughly read this provision of the plea agreement and discussed it with his attorney. *Id.* The Court explained the Court's independent duty to determine Defendant's sentence and specified that even if the Court were to reject a sentencing request, Defendant would not have the right to withdraw his guilty plea at a later

---

[1] The Ninth Circuit denied Defendant's application to file a second or success § 2255 petition "as unnecessary because the record indicates that the applicant has not filed a prior § 2255 motion challenging the amended judgment entered on June 7, 2019." (ECF No. 190 at 24). The Court declines to address whether Defendant's claims are barred as a successive § 2255 petition, but the United States correctly posits that Defendant had the opportunity to raise these claims in his first § 2255 motion. The Court also declines to address the United States' argument that Defendant's petition is barred by the doctrine of abuse of the writ.

time. *Id.* Defendant said he understood and agreed to the plea bargain. *Id*. During his resentencing hearing, Defendant again stated he understood that he had been sentenced in accordance with his plea agreement and waived any right to appeal or later collaterally attack the sentence and judgment. (ECF No. 166 at 63).

Defendant not only represented that he knowingly and voluntarily entered the plea, but he also waived in his post-sentencing agreement the ineffective assistance of counsel claims he now raises. Defendant's plea agreement contained a waiver of "all rights to appeal and to collaterally attack every aspect of the conviction and sentence," with the exception of ineffective assistance of counsel. (ECF No. 65). However, in his post-sentencing agreement, Defendant "knowingly and voluntarily" waived "any and all claims of ineffective assistance of counsel by his former counsel who represented him at the time of his guilty plea and original sentencing hearing." (ECF No. 140). Defendant represented that the post-sentencing agreement was knowing and voluntary, that he possessed a clear understanding of the charges and the consequences of the sentencing agreement, and that he was satisfied with counsel's representation. (ECF No. 140). In his present petition, Defendant claims to raise failures by counsel during resentencing, but his arguments demonstrate a request for relief based on asserted actions or omissions during plea negotiations. Defendant personally initialed each page of the plea and post-sentencing agreements, and the post-sentencing agreement bars these arguments.

In sum, Defendant represented the following: his plea and post-sentencing agreements were knowing and voluntary; he had a full opportunity to discuss waivers with counsel; he fully understood both agreements; and he was satisfied with the representation of his attorneys. (ECF No. 65, 140). Absent Defendant's demonstration of ineffective assistance counsel in accordance with *Strickland*, the Court adheres to the plain language of Defendant's plea agreement, post-sentencing agreement, and plea colloquies with the Court and denies his present § 2255 petition.

///

///

**C. Waived Claims**

The Court declines to address the merits of Defendant's remaining claims because Defendant knowingly and voluntarily waived his right to collaterally attack his sentence. However, the Court agrees with the United States that Defendant's third claim is frivolous and not cognizable in a § 2255 motion. (ECF No. 193 at 7-8). Defendant does not specify any particular misstatement by the United States and the Court previously considered Defendant's objections to the amended presentence report, which included Defendant's characterization of the relevant witness. The Court declined to rule on the objection because it would not affect sentencing. Regarding Defendant's fourth claim, Defendant notably raised the same argument regarding his objection to the plus five adjustment under § 2G2.2(b)(5) in an extensive reply brief before resentencing. (ECF No. 154). Defendant knowingly and voluntarily waived all rights to appeal and collaterally attack every aspect of his conviction and sentence. (ECF No. 65 at 17). The Court upholds Defendant's plea and post-sentencing agreements and dismisses his present claims.

## III.
## CONCLUSION

A § 2255 habeas petition is entitled to a hearing "[u]nless the motion and the filed and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Because the claims before the Court are either procedurally barred or without merit, the Court finds that an evidentiary hearing is not required. For the foregoing reasons, Defendant's motion to vacate, set aside, or correct his conviction and sentence is denied. The Court also denies a certificate of appealability because Defendant has not made "a substantial showing of a denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

///
///
///
///

1
2     **IT IS SO ORDERED**.
3 Dated: April 27, 2022
4
5                            Hon. Dana M. Sabraw, Chief Judge
                            United States District Court
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28