# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 17-cr-145-DMS-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| CHRISTIAN CLEWS, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Defendant's Motion ("Def.'s Mot."), ECF No. 235). The Government filed a response in Opposition, (Government's Opposition ("Opp'n"), ECF No. 238), and Defendant filed a Reply, (Defendant's Reply ("Reply"), ECF No. 241). For the following reasons, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

On August 2, 2017, the Court accepted Defendant's guilty plea to possession and distribution of images of minors engaged in sexually explicit conduct. (ECF No. 70). The Court then sentenced Defendant to 168 months in custody followed by twenty years of supervised release. (ECF No. 158). Since entering custody, Defendant has repeatedly challenged his conviction and sentence, including through 18 U.S.C. § 3582(c). (*See* ECF Nos. 174, 204). This time, Defendant seeks compassionate release primarily based on his mother's health problems. (*See generally* Def.'s Mot.).

## II. LEGAL STANDARD

§ 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). In other words, "district courts may reduce [a defendant's] term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022) (internal citation omitted).

Recently, the Sentencing Commission issued a policy statement and passed guidance on when extraordinary and compelling reasons exist for compassionate release. *United States v. Vieyra*, 2025 WL 96289, at *2 (S.D. Cal. Jan. 13, 2025) (citing U.S.S.G. § 1B1.13). Such reasons include: (1) the medical circumstances of the defendant; (2) the advanced age of the defendant; (3) the family circumstances of the defendant; (4) physical or sexual abuse suffered by the defendant while in custody; (5) other circumstances that "are similar in gravity to those described in . . . (1) through (4)"; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). "As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction." *United States v. Gonzalez*, 2024

WL 4895728, at *1 (S.D. Cal. Nov. 26, 2024) (citing *United States v. Varnado*, 2020 WL 2512204, at *1 (S.D. Cal. May 15, 2020)).

## III.   DISCUSSION

Defendant argues that he meets all four of the above requirements for compassionate release. (*See generally* Def.'s Mot.). The Government argues that Defendant has failed to show extraordinary and compelling reasons to reduce his sentence and, in any event, does not satisfy the § 3553(a) factors. (Opp'n 8).

### A. Extraordinary and Compelling Reasons

#### a. Health of Defendant's Mother

Defendant requests home confinement "so that he may care for his mother", who "suffers from severe chronic medical conditions". (Def.'s Mot. 3, 6). "Family circumstances can be grounds for compassionate release where there is '[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.'" *United States v. Suarez*, 2023 WL 7713580, at *3 (S.D. Cal. Nov. 15, 2023) (quoting U.S.S.G. § 1B1.13(b)(3)(C)). The defendant "must make a robust evidentiary showing that [he] is the only available caregiver." *United States v. Bragg*, 2021 WL 662269, at *2 (S.D. Cal. Feb. 19, 2021) (internal quotation marks and citations omitted); *see also Suarez*, 2023 WL 7713580, at *3 (collecting cases). Being a "preferred" caregiver is insufficient. *See Gonzalez*, 2024 WL 4895728, at *1 ("Here, while Defendant may be the 'preferred' caregiver, he has not shown that he is the only available caregiver[.]").

According to Defendant, his mother "suffers from a myriad of significant health conditions", chief among them a history of stroke, vertigo, stage 3a chronic kidney disease, amnesia, high blood pressure, and blackouts. (Def.'s Mot. 6–7, Addendum). It is her doctor's professional opinion that she "requires supervision and/or support to ensure her safety" since "she is not capable of managing her personal care and household tasks independently at this time." (*Id.* at Addendum). While the Court is sympathetic to those health concerns, Defendant has not sufficiently established that he is the only available

caregiver. The Court accepts the representation that Defendant is the preferred caregiver for his mother given that Defendant's son now operates the family ranch. (Def.'s Mot. 11); (Reply 5); (Def.'s Mot. Addendum) (son noting in letter to Court that he "manage[s] all the work around the ranch" and that such work is "more than a full-time job"). However, the inconvenience to Defendant's son of caring for his grandmother does not make him unavailable. Although Defendant's son has been burdened by his father's incarceration, this is an unfortunate collateral consequence of one's criminal conduct. As a result, Defendant has failed to present an extraordinary and compelling reason for compassionate release.

### b. Health of Defendant

Defendant appears to argue that a sentence reduction is warranted because "he has an extensive list of medical conditions that increase the costs of his incarceration". (Def.'s Mot. 10). His conditions include diabetes, diabetic neuropathy, hypertension, chronic obstructive pulmonary disease, and depression. (*Id.*). The medical circumstances of a defendant may amount to an extraordinary and compelling reason to reduce their sentence if the defendant is suffering from "a serious physical or medical condition", "a serious functional or cognitive impairment", or a "deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(A). Defendant has not made this showing. Instead, he alleges that "home confinement would substantially reduce the burden his medical expenses place on the prison system". (Def.'s Mot. 10). While Defendant has several chronic conditions, these can be treated in prison. *See Suarez*, 2023 WL 7713580, at *3 ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (internal quotation marks and citation omitted).

In his Reply, Defendant argues that he is not seeking compassionate release based on his medical conditions. (Reply 2) ("While Mr. Clews briefly noted the added costs to the taxpayers of his medical treatments in custody, he never claimed those were

extraordinary and compelling reasons for relief."). Nevertheless, Defendant's medical ailments—while unfortunate—are insufficient to warrant compassionate release.

### B. § 3553(a) Factors

Because Defendant has failed to allege an extraordinary and compelling reason to grant compassionate release, the Court need not consider the § 3553(a) factors. *See Chen*, 48 F.4th at 1094–95 (explaining that all four requirements must be met). However, it is worth noting that those factors do not favor Defendant's release. Defendant's conduct—the possession and distribution of child pornography—can only be considered a serious and grave crime. His actions raise significant public safety concerns for the most vulnerable in society. While the Court commends Defendant's rehabilitative efforts, a sentence reduction is inappropriate in light of the seriousness of Defendant's offense, the need to promote respect for law and protect society, and the goal of deterring this kind of criminal conduct.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Reduce Sentence.

**IT IS SO ORDERED.**

Date: February 26, 2025

_____
Hon. Dana M. Sabraw, District Judge
United States District Court